**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**KENNETH JAMES BROWN**
Plaintiff

v.

**DANIEL H. HEYNS, CLINTON GORE, JOHN DOWNS, RANDOLPH SMITH, LINDA CHAPPA, SIDNEY ANDREWS, PENNY CHRISTOU, DANIEL COTE, CAROL HENDERSON, SHERYL BILD, KEVIN MURPHY, LAURA MORGAN, CATHY WEAVER, JULIUS SONKISS, JAMES MELSON, REBECCA DRAKE, DUANE ALLEN, DIANE ADAMS, ELIHUE POTTS, JOSEPH HELMAN, LOUIS CESTELEYN, SAMUEL ADDISON, DAVID KANG, CHRISTOPHER SANKER, E. WESTON SANTEE, WILLIAM CURTIS, MAY P. CHAN, PHILIP CASCADE, LYNN ELLEN LUDWIG & CHARLES JAMSEN. JOHN/JANE DOES #1-10, all in their individual and official capacities.**
Defendants.

______________________________________________/

**BOYLANLAW, P.C.**
Karie H. Boylan (P55468)
Attorney for Plaintiff
410 W. University, Suite 201
Rochester, Michigan 48307
Phone: 855.9BOYLAN (855.926.9526)
Fax: 855.3BOYLAN (855.326.9526)
E-mail: karie@boylanlaw.net

______________________________________________/

# COMPLAINT

*It is but just that the public be required to care for the prisoner, who cannot, by reason of deprivation of his liberty, care for himself.*

Spicer v. Williamson
Supreme Court of North Carolina (1926)

1. Kenneth James Brown is a prisoner of the Michigan Department of Corrections ("MDOC") and a resident of the County of Macomb, State of Michigan.

2. This Court has jurisdiction pursuant to 42 U.S.C. § 1331 and 1343.

3. This action is being brought pursuant to 42 U.S.C. § 1983 and 1988.

4. At all relevant times, Daniel H. Heyns is/was a resident of the State of Michigan and the Director of the MDOC responsible for its operations who was subjectively and objectively aware of Mr. Brown's and other MDOC prisoners' need for immediate medical treatment, who acted under color of law and with deliberate indifference to their serious medical/dental health needs causing injury.

5. At all relevant times, Clinton Gore, John Downs, Randolph Smith, Linda Chappa, Sidney Andrews, Penny Christou, Daniel Cote, Carol Henderson, Sheryl Bild, Kevin Murphy, Laura Morgan, Cathy Weaver, Julius Sonkiss, James Melson, Rebecca Drake, Duane Allen, Diane Adams, Elihue Potts; and, Joseph Helman, Louis Cesteleyn, Samuel Addison, David Kang, Christopher Sanker, E. Weston Santee, William Curtis, May P. Chan, Philip Cascade, Lynn Ellen Ludwig, Charles Jamsen were residents of the State of Michigan and medical professionals involved in Mr. Brown's health care while in the custody of the MDOC, who were subjectively and objectively aware of Mr. Brown's need for immediate medical treatment, who acted under color of law and with deliberate indifference to Mr. Brown's serious medical/dental health needs causing injury.

6. At all relevant times, Defendant Heyns failed to develop and implement a plan that assured a sufficient number of health staff of varying types are/were available to provide adequate and timely evaluation/treatment to Mr. Brown and MDOC prisoners such as consistent with contemporary standards of care.

7. At all relevant times, Defendant Heyns failed to provide Mr. Brown and other MDOC prisoners with access to care to meet serious medical, dental and mental health needs. "Access to care" means that in a timely manner, Mr. Brown and other prisoners are seen by an appropriate clinician, given a professional clinical judgment and receive care that is ordered.

8. At all relevant times, Defendant Heyns failed to develop and implement a program to address the needs of potentially terminally ill inmates such as Mr. Brown that includes, but is not limited to, pain management and recommendation for early release (parole, commutation, etc.) to the appropriate legal authority.

9. Mr. Brown has cancer which is a serious medical condition.

10. Mr. Brown has been a MDOC prisoner since February 24, 2003. His early release date (December 26, 2014) has passed. Mr. Brown has not been "ticketed" for violating any prison rule or regulation. Mr. Brown recently learned the sample containing alleged DNA evidence used at his criminal trial for being an accomplis was found in 2009 (along with 11,000 other kits) in a Detroit warehouse; and, the alleged victim recanted her testimony regarding Mr. Brown's involvement.

11. At all relevant times, Defendant Heyns failed to provide sufficient and suitable space, supplies, and equipment for Mr. Brown and other MDOC prisoners' medical, dental, and mental health care services.

12. At all relevant times, Defendant Heyns failed to provide a sufficient number of on-site diagnostic services to Mr. Brown and other MDOC prisoners.

13. At all relevant times, Defendant Heyns failed to provide oral care that was timely and included immediate access for urgent painful conditions to Mr. Brown and other MDOC prisoners. This includes, but is not limited to, establishing a system of established priorities for care when the inmate's health would otherwise be adversely affected and following contemporary infection control procedures.

14. At all relevant times, Defendant Heyns failed to develop and implement a program for disease which timely identified Mr. Brown's chronic diseases with the goal of decreasing the frequency and severity of symptoms, including preventing disease progression and fostering improvement in function.

15. At all relevant times, Defendant Heyns maintained inadequate staffing levels, both health care and corrections, which impeded Mr. Brown's access to care.

16. Defendant Heyns implemented, ratified, condoned, etc. policies, practices, procedures in MDOC prisons which systemically deprived prisoners such as Mr. Brown of adequate health care. This is the subject of another, potential class action, pending lawsuit (14-11691-LJM-MKM, Judge Laurie J. Michelson).

17. The summer of 2011, Mr. Brown presented at the MDOC dental clinic complaining of an abnormal mass in his mouth. Several months later, limited mouth tissue was excised and biopsied. The pathologist reported the biopsied tissue was "benign salivary gland tissue consistent with adenomatoid hyperplasia in the context of appropriate clinical findings". In Mr. Brown's case, MDOC professionals never correlated the pathologist's report with clinical findings which caused him to suffer tremendous pain, suffering, unnecessary procedures and more, through today.

18. On January 3, 2012, staff ordered "further pathological consultation" regarding the report. This was not done.

19. After January 3, 2012, Mr. Brown made repeated complaints to MDOC staff regarding the lump having not been removed, growing bigger and more painful.

20. On March 30, 2012, staff confirmed a tumor was present in Mr. Brown's mouth. It continued to grow. He continued to complain it hurt.

21. On December 13, 2012, staff measured the tumor and determine it was 2 cm by 2 cm. Another excision and biopsy was ordered.

22. On April 12, 2013, Mr. Brown "kited" MDOC asking when the excision and biopsy ordered four months earlier would take place.

23. Mr. Brown "kited" MDOC again on April 16, May 28, June 7 and June 17, 2013 asking when the surgery would take place, complaining the tumor hurt terribly and asking for help. He had now been complaining to MDOC for 2 years.

24. On July 2, 2013, 2 years after he first complained, 1.5 years after his first surgery, Mr. Brown underwent a second surgical procedure to remove the tumor. The tissue biopsied was reportedly benign. The oral surgeon ordered Mr. Brown to be returned for followup in 2 weeks. This was not done.

25. On August 19, 2013, Mr. Brown was seen in the clinic by Duane Allen who noted: "… left submandibular gland swelling palpable both intra and extraoral."

26. After August 19, 2013, Mr. Brown complained multiple times to MDOC staff that the tumor was still present and painful, causing problems.

27. On November 1, 2013, doctors ordered Mr. Brown to be returned for evaluation on November 6, 2013. This was not done.

28. On December 3, 2013, Mr. Brown underwent a third surgical procedure to remove the tumor. This surgery caused him to lose sensitivity in his tongue.

29. On December 5, 2013, the excised tissue was examined by a pathologist and determined to be adenocarcinoma (cancer).

30. On December 16 or 17, 2013, Mr. Brown was seen in the MDOC dental clinic still complaining of the lump, pain and "parathesia at anterior tongue".

31. On February 28, 2014, Doctors examined Mr. Brown and ordered a followup visit to take place in six months. This was not done.

32. On October 2, 2014, Mr. Brown underwent a fourth surgical procedure to remove the tumor. Afterwards, MDOC failed to provide followup treatment.

33. On October 4, 2014, Mr. Brown developed a fever of 101.2 degrees.

34. On October 6, 2014, Mr. Brown was sent to the hospital for treatment of a life threatening infection (temperature 104 degrees).

35. Beginning October 6, 2014, Mr. Brown was hospitalized at the U of M Hospital for 9 days and then Duane Waters Hospital for 9 days.

36. MDOC is not providing Mr. Brown with adequate cancer treatment.

37. March 13, 2013, Mr. Brown "kited" MDOC advising he had a filling fall out for the 3rd time. Defendant Bild read the kite, Kathy Weaver responded to it by stating: "You will be called out to be seen as soon as we are able".

38. On April 16, 2013, Mr. Brown "kited" MDOC asking when he would be called out. Defendant Weaver read the kite and responded: "Your name is list the list [sic] and we will see you as soon as we are able".

39. On April 16, 2013, Mr. Brown "kited" MDOC stating: "I had a filling fall out and it's bothering me. I am on the list but it's been over a year". Defendant Weaver read the kite and responded: "You will be called out as soon as we are able".

40. On May 28, 2013, Mr. Brown "kited" MDOC stating: "Filling broke and fell out. I'm in extreme pain and need to see a dentist right away. Told I was on the list but they are calling people out ahead of me. This needs to be looked into". Defendant Weaver read the kite and responded: "You are on the list. The list is long. You will be seen as soon as we are able".

41. On June 7, 2013, Mr. Brown was seen in the dental clinic by Julius Sonkiss and James Melson and the tooth was restored with amalgam.

42. On June 17, 2013, Mr. Brown "kited" MDOC, stating he had extreme pain when eating and sensitivity to hot/cold/sweets.

43. On June 20, 2013, Duane Allen examined Mr. Brown in the MDOC dental clinic and noted in his medical chart:

> EXAM: #15 deep sedative restoration that is intact however appears radiologically to be involved pulpally and very deep cervically.
>
> DIAGNOSIS: Irreversible pulpitis.
>
> TREATMENT: Extraction indicated. Patient does not want the tooth removed at present. Patient was advised that endodontic treatment once released from MDOC custody would be needed. No RCT indicated; patient does not qualify for endondontic treatment per MDOC guidelines.

44. If endodontic treatment is necessary for a patient <u>NOT IN</u> MDOC custody, endondontic treatment is necessary for a patient <u>IN</u> MDOC custody.

45. A MDOC policy that denies a prisoner medical treatment which is needed but not provided due to his status as a prisoner is unconstitutional on its face.

46. For several months at a time, including November 2011 through August of 2012, MDOC refused Mr. Brown's requests for a bite guard.

47. For several months at a time, including March 2012 through June of 2013, MDOC refused Mr. Brown's requests for a teeth cleaning.

48. On June 26, 2013, Mr. Brown was seen in the dental clinic. His periodontal classification included recession and/or bone loss.

**COUNTS I (42 U.S.C. § 1983) AND II (42 U.S.C. § 1988)**

49. Plaintiff incorporates the preceding paragraphs by reference.

50. Defendants' conduct, as set forth above, was deliberately indifferent to Mr. Brown's medical needs (dental & medical health, cancer diagnosis & treatment).

51. MDOC's failure to provide Mr. Brown with timely and adequate treatment constitutes cruel and unusual punishment under the 8th Amendment to the United States Constitution.

52. Defendants' conduct was a proximate cause of Mr. Brown's damages.

53. Defendants' conduct constitutes violations of 42 USC §§ 1983 & 1988.

**DAMAGES**

54. Defendants' actions/inactions were a proximate cause of:

a. Pain and suffering,
b. Emotional distress,
c. Inconvenience,
d. Mental anguish,
e. Loss of enjoyment of life,
f. Embarrassment, humiliation and mortification,
g. Bone loss and gum recession,
h. Loss of teeth,
i. Paresthesia of the tongue,
j. Cancer treatment/additional cancer treatment,
k. Surgical procedures and hospitalizations,
l. Medical expenses,
m. Weight loss and nutritional deficiencies,
n. Cosmetic deformities,
o. Aggravation of preexisting ailments and conditions,
p. Loss of earning capacity (past, present, future)
q. Costs and attorney fees,
r. … and more to be determined during discovery.

**REQUESTED RELIEF**

55. Plaintiff incorporates the preceding paragraphs by reference.

WHEREFORE, Plaintiff requests that his sentence be commuted or that he be granted parole so that he is discharged from custody of MDOC and can seek timely and adequate health care in the private sector; MDOC pay for private medical and dental insurance with no or low co-pays through death; monetary damages – compensatory and punitive; an award of all costs, interest and attorney fees; and, entry of an Order granting further relief the Court/Jury deems just and equitable.

Respectfully submitted,

/s/ Karie H. Boylan
**BOYLANLAW, P.C.**
Karie H. Boylan (P55468)
410 W. University, Suite 201
Rochester, Michigan 48307
Phone: 855.9BOYLAN (855.926.9526)
Fax: 855.3BOYLAN (855.326.9526)
E-mail: karie@boylanlaw.net

Dated: January 3, 2015

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**KENNETH JAMES BROWN**

Plaintiff

Case No: ________________________
District Court Judge: __________________
Magistrate Judge: ___________________

v.

**DANIEL H. HEYNS, et al**

Defendants.
____________________________________________________________/

**BOYLANLAW, P.C.**
Karie H. Boylan (P55468)
Attorney for Plaintiff
410 W. University, Suite 201
Rochester, Michigan 48307
Phone: 855.9BOYLAN (855.926.9526)
Fax: 855.3BOYLAN (855.326.9526)
E-mail: karie@boylanlaw.net
____________________________________________________________/

## JURY DEMAND

Plaintiff requests a trial by jury of all issues so triable.

Respectfully submitted,

/s/ Karie H. Boylan
**BOYLANLAW, P.C.**
Karie H. Boylan (P55468)
410 W. University, Suite 201
Rochester, Michigan 48307
Phone: 855.9BOYLAN (855.926.9526)
Fax: 855.3BOYLAN (855.326.9526)
E-mail: karie@boylanlaw.net

Dated: January 3, 2015